J-S39011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: K.S., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: L.W. | No. 1219 WDA 2016 |

Appeal from the Order July 14, 2016
In the Court of Common Pleas of Cambria County
Civil Division at No(s): CP-11-DP-0000120-2016

BEFORE: BENDER, P.J.E., BOWES, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 23, 2017**

L.W. (Mother) appeals from the order, dated July 14, 2016, and entered on July 15, 2016, that adjudicated K.S. (Child), born in June of 2016, a dependent child and set the goal for Child as adoption. After review, we affirm.

The July 14, 2016 order was issued by the court after a hearing was held on July 11, 2016, in response to the dependency petition filed by Cambria County Children and Youth Services (CYS). In its opinion, the court set forth an abbreviated factual background involving this family, stating:

> L.W., [M]other, has six children in addition to [Child]. The six other children range in age from 15 years to five years. The father of [Child], C.S., is also the father of five of the six of [Mother's] other children. Cambria County Children and Youth Service (CYS) originally initiated services to this family on April 4, 2005 through August 26, 2009 and April 26, 2011 through November 15, 2012. CYS indicated that throughout these times CYS had ongoing concerns regarding lack of supervision of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

children, lack of parenting skills, defiant behaviors of the children, financial instability, and criminal issues and incarceration of father. CYS again initiated services with six of [Mother's] children on June 21, 2013. Then, between August 2013 and August 2014, all six children were removed from the custody of [Mother] and the [c]ourt further ordered that [Mother] and C.S. … would "never be a placement option" for the children. On May 13, 2016 and June 17, 2016 Involuntary Termination of Parental Rights hearings were held regarding three of the children. At the time of the dependency hearing regarding [Child], a decision had not been rendered as to the Involuntary Termination of parental rights as to the other three children.

Trial Court Opinion (TCO), 9/12/16, at 2. The court then described the testimony provided by various witnesses at the hearing and explained its reasoning for concluding that the issues raised by Mother in her Pa.R.A.P. 1925(b) statement of errors complained of on appeal were without merit.

Specifically, in her Rule 1925(b) statement, Mother raised the following issues:

1. [CYS] failed to sustain its burden of proving [that Child] was a dependent child pursuant to 42 Pa.C.S.[] § 6301 et seq. because there is insufficient evidence on the record upon which a clear and convincing finding could be based that natural [M]other was unfit and cou[ld] not provide care for [Child].

2. The [c]ourt's finding that [Child] is a dependent child is against the weight of the evidence. [CYS] failed to produce clear and convincing evidence that [Child's] [M]other was unfit to parent her newborn child.

3. The [c]ourt's opinion that placement and permanency through adoption is the safest and least restrictive placement for [Child] was made against the weight of the evidence. At the time of this order, no aggravated circumstances existed and [Mother] was ready to parent [Child].

4. The [c]ourt's basis for its decision only reflected past events and previous conduct of [Mother]. At the time of the hearing, [CYS] did not review the cleanliness or habitability of the home, did not consider [Mother's] ongoing parental services that were not offered by the State, and removed the child prior to [Mother's] being able to take her home from the hospital.

5. [Mother] requests that the right to supplement the Matters Complained of on Appeal be granted pending receipt of the transcript.

Mother's Rule 1925(b) Statement, 8/11/16.

Upon review of Mother's brief however, we note that the Statement of Questions Involved section asserts an issue dissimilar to the ones she put forth in her Rule 1925(b) statement. Specifically, the issue as stated in Mother's brief reads as follows:

Whether the [c]ourt abused its discretion or committed an error of law when it granted the [p]etition for [d]ependency and ordered the permanency goal of adoption, without first attempting reunification under the Adoption and Safe Families Act[,] 42 U.S.C. [§] 671 *et seq.* [?]

Mother's brief at 4. However, the argument section of Mother's brief sets out two distinct arguments:

I. Whether the court either abused its discretion or committed an error of law when it granted the petition for dependency, thereby finding the child dependent[?]

II. Whether the court either abused its discretion or committed an error of law when it made the goal of K.S. adoption and not reunification, at the initial adjudication hearing, without aggravated circumstances[?]

Mother's brief at 5 and 8.

Essentially, with regard to Issue I, Mother argues that the trial court accepted CYS's evidence of Mother's past conduct to establish dependency as defined in 42 Pa.C.S. § 6302 with regard to Child.[1] She also asserts that she has not recently been provided with services by CYS and that, therefore, the agency could not present evidence that she failed to perform her parental duties. Specifically, Mother asserts it has been more than two years since services have been provided and that "with such a long period in between services, house visits, and hands on interaction, CYS cannot provide adequate testimony as to what knowledge [Mother] has gained as a parent, the appropriateness of housing conditions, or the skills she learned while not under the thumb of CYS." Mother's brief at 6. Thus, Mother

_____

[1] The definition of dependency states in pertinent part:

"Dependent child." A child who:

(1) is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals. A determination that there is a lack of proper parental care or control may be based upon evidence of conduct by the parent, guardian or other custodian that places the health, safety or welfare of the child at risk, including evidence of the parent's, guardian's or other custodian's use of alcohol or a controlled substance that places the health, safety or welfare of the child at risk[.]

42 Pa.C.S. § 6302.

contends that she has done all that she could do to ensure Child's return to her.

These arguments coincide to some extent with Mother's fourth issue as stated in her Rule 1925(b) statement, but in no way comport with her statement of the issue in her brief on page 4. Under the circumstances here, this Court could conclude that Mother has not preserved any issue for our review. However, despite the errors enumerated above, we will attempt to respond to the arguments Mother has actually presented in the argument section of her brief.

Our scope and standard of review in dependency cases is as follows:

> We must accept the facts as found by the trial court unless they are not supported by the record. Although bound by the facts, we are not bound by the trial court's inferences, deductions, and conclusions therefrom; we must exercise our independent judgment in reviewing the court's determination, as opposed to its findings of fact, and must order whatever right and justice dictate. We review for abuse of discretion. Our scope of review, accordingly, is of the broadest possible nature. It is this Court's responsibility to ensure that the record represents a comprehensive inquiry and that the hearing judge has applied the appropriate legal principles to that record. Nevertheless, we accord great weight to the court's fact-finding function because the court is in the best position to observe and rule on the credibility of the parties and witnesses.

*In the Interest of A.N.*, 39 A.3d 326, 330 (Pa. Super. 2012) (quoting *In re C.M.T.*, 861 A.2d 348, 351 (Pa. Super. 2004) (citations omitted)). "The burden of proof in a dependency proceeding is on the petitioner to demonstrate by clear and convincing evidence that a child meets that statutory definition of dependency." *In re G., T.*, 845 A.2d 870, 872 (Pa.

Super. 2004). Moreover, "the dependency of a child is not determined 'as to' a particular person, but rather must be based upon two findings by the trial court: whether the child is currently lacking proper care and control, and whether such care and control is immediately available." *In re J.C.*, 5 A.3d 284, 289 (Pa. Super. 2010).

As previously noted, the trial court discussed the testimony of various witnesses. Those witnesses included Brittney Corson, a CYS caseworker, Dennis M. Kashurba, a licensed psychologist, Martha Faust, program director and parent educator for Parents as Teachers through Beginnings, and Father. Then, based on this testimony, the court explained the reasons for finding Child dependent, stating:

> Here, the court heard testimony from Corson that Mother's house was clean in June 2016, one month before the hearing but that in the past when children lived with Mother the house was in a deplorable condition. Corson stated that she believed that Mother was able to keep her house clean in June 2016 because no children lived with [M]other. However, Mother was not able to care for children and keep a clean house at the same time. Corson stated that Mother was most likely overwhelmed by having such responsibilities at the same time. Although [Mother] alleges that the court did not consider the state of the home at the July 11, 2016 hearing, the record proves otherwise. Even more, the court considered the most recent state of the house in addition to Mother's ability over time to keep a clean and habitable house.

> Next, the court heard testimony from Faust who stated that she rendered services to Mother through the Parents as Teachers program. The court considered this testimony, especially that Faust met with Mother for one hour once a week and had only conducted four sessions at the time of the hearing. Though Mother did initiate these non-state services, the record

also reflects that Mother was receiving services through CYS for almost a decade to no avail.

Weighing the evidence regarding Mother's ability to keep a clean and habitable home (the state of her home as observed by Corson in June 2016 and the deplorable conditions that existed previously), the services that Mother was currently receiving and had received in the past, and her inability to parent over an extended period of time, together with the testimony of Corson and Kashurba who stated that Mother would never be able to parent any child, this court found that clear and convincing evidence proves that if custody of K.S. was given to Mother, proper parental care would not be immediately available. Thus, the court did not err in its consideration of the evidence of past events and conduct.

TCO at 14-15.

We agree. Based upon the law set forth above and a review of the record in this case, we conclude that the trial court did not abuse its discretion in adjudicating Child dependent and placing her in the custody of CYS. The trial court's findings are supported by the testimony and evidence presented at the hearing. Mother's arguments are generally an attack on the trial court's credibility determinations and she disregards the evidence before the court that contradicts her position regarding dependency. Thus, Mother is not entitled to relief.

Mother's second argument refers to the court's determination that set the goal for Child as adoption. This argument centers on Mother's contention that because aggravated circumstances did not exist, the court's stated goal of adoption, without attempting reunification, was in error. We disagree with Mother's position and again agree with the trial court. We rely on that portion of the opinion of the Honorable Tamara R. Bernstein of the

Court of Common Pleas of Cambria County, dated September 12, 2016.

**See** TCO at 8-13. Judge Bernstein's extensive, well-reasoned opinion properly disposes of the "goal of adoption" issue presented by Mother on appeal and we discern no abuse of discretion or error of law. Therefore, we adopt that portion of Judge Bernstein's opinion as our own.

Accordingly, for the reasons stated above, we affirm the July 14, 2016 order adjudicating Child dependent and setting the goal as adoption.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/23/2017